# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RYAN G. ANDERSON,**

                       **Petitioner,**

        v.                                      **CASE NO. 11-3046-RDR**

**UNITED STATES, et al.,**

                       **Respondents.**

### O R D E R

Petitioner, a prisoner incarcerated in the United States Disciplinary Barracks in Fort Leavenworth, Kansas, proceeds pro se seeking a writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner was convicted by court-martial on offenses related to his attempt to give classified information to the enemy, and of conduct that was prejudicial to good order and discipline. Petitioner was sentenced to a dishonorable discharge and confinement for life with the possibility of parole. The Army Court of Criminal Appeals (ACCA) and the United States Court of Appeals for the Armed Forces (CAAF) affirmed petitioner's conviction and sentence. *See U.S. v. Anderson*, 68 M.J. 378 (C.A.A.F.), *reconsideration denied*, 69 M.J. 60 (2010).

Petitioner filed the instant petition to challenge his military conviction on five grounds. Respondents contend that petitioner waived habeas review on all grounds by failing to raise any of them during his military appeals. Having carefully reviewed the record

which includes respondents' answer, the court agrees and dismisses the petition.

*Background*

Military officials charged petitioner with five offenses related to petitioner providing information about the capabilities and vulnerabilities of Army personnel and equipment to undercover investigators posing as extremists. Relevant to the court's discussion below, the convening authority and the military judge both denied defense counsel's request for appointment of a *forensic* psychologist to assist in the preparation of petitioner's defense, but later assigned an expert in *clinical* psychology to the defense team. The government, however, utilized a *forensic* psychologist in presenting its case against petitioner, and then challenged the defense expert as not being qualified as not being as qualified.

*Petitioner's Claims*

The petition identifies the following five grounds:

I  The convening authority and trial judge both refused a request by a Trial Defense Services ("TDS") attorney to authorize appointment of a forensics-certified mental health expert to assist TDS in trial preparation of Specialist Anderson's defense.

II  TDS attorneys failed to rebut and/or clarify prosecution testimony by the government's forensics expert that the disease of Asperger's Syndrome does not impair cognitive function.

III  The punishment of life in prison with opportunity for parole is harsh and excessive and should have been less than convicted terrorists tried in both civilian American courts and by military tribunals since 2001.

2

IV   Government investigators denied Anderson the rightful access to his Washington National Guard ("WNG") unit chain of command when uniformed supervisors were told not to interfere with covert agents as they choreographed the events that led to his meeting in Seattle with federal role players who videotaped the rendezvous.

V   While Anderson was under government investigation, commissioned and non-commissioned officers of Anderson's WNG unit failed to fulfill their duties and obligations to aid a junior soldier when he correctly sought counsel from his superiors.  Further, the unit's individual officers and/or non-commissioned officers could have contributed to the onset of Anderson's manic episode.

### *Standard of Review*

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  Federal courts, however, have only limited authority to review decisions made by courts-martial.  *Burns v. Wilson*, 346 U.S. 137, 138-42 (1953).  This review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts.  *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir.1993), *cert. denied*, 510 U.S. 1091 (1994).  *See Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir.2010)(federal court "is to determine whether the military have given fair consideration to each of the petitioner's claims").  If so, a federal court does not reach the merits and should deny the petition.  *See Roberts v. Callahan*, 321 F.3d 994, 995-96 (10th Cir.)(citing *Lips*), *cert. denied*, 540 U.S.

973 (2003). If a claim was not presented to the military courts, a federal habeas court is to consider the claim waived and not subject to review. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986).

*Discussion*

Respondents contend dismissal of the petition is warranted because petitioner failed to raise any of his five grounds during his military appeals, and thereby waived federal habeas review on all grounds. The court agrees, as the record clearly demonstrates that petitioner failed to present Grounds II through V to the military appellate courts for review. Petitioner thus waived habeas review by this court of those four grounds.

As to Ground I, respondents argue petitioner also waived habeas review of this ground because petitioner's appeal to the ACCA, and his supplemented petition for review to the CAAF, raised a related but more expansive Ground which specifically stated that petitioner "WAS NOT AFFORDED A FAIR TRIAL BECAUSE HIS REQUEST FOR A FORENSIC PSYCHIATRIST WAS DENIED *AND THE GOVERNMENT THEREAFTER AVAILED ITSELF OF A FORENSIC PSYCHIATRIST AND ATTACKED THE QUALIFICATIONS OF THE VERY EXPERT IT DID MAKE AVAILABLE [TO THE DEFENSE]*"(emphasis added).[1] Thus respondents maintain the claim presented to the military courts centered on whether petitioner's trial was rendered fundamentally unfair because the government used an expert it had denied the defense, and then challenged the defense expert as not certified to provide a forensic opinion.

---

[1] Ground IV in petitioner's Supplement to Petition for Grant of Review Supplemented Petition, 2008 WL 828018 (Appellate Brief)(U.S. Armed Forces March 17, 2008).

4

The resolution of this claim by the CAAF supports respondents' argument for waiver. After setting forth the requirements for requesting a nonmilitary expert, the CAAF observed that petitioner's arguments were not focused on the three possible instances in which an abuse of discretion could have occurred in denying petitioner's request for a civilian forensic expert. *Thomas*, 68 M.J. at 383. Instead, it found petitioner's "core argument is that his court-martial was fundamentally unfair because the military judge, having rejected Appellant's motion challenging the convening authority's denial of a government-funded forensic psychologist, failed, after the Government subsequently presented rebuttal testimony of a forensic psychiatrist, to revisit the earlier ruling or take some other action." *Id*. Finding no showing of fundamental unfairness had been made, the CAAF rejected petitioner's due process argument. *Id.* at 383-84.

The court thus concludes the petition should be dismissed because petitioner waived federal habeas corpus review of all grounds.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

DATED: This 22nd day of November 2013, at Topeka, Kansas.

                                                  s/ Richard D. Rogers
                                                  RICHARD D. ROGERS
                                                  United States District Judge